IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY A. SOL,

        Plaintiff,

v.

KILOLO KIJAKAZI,[1],
Acting Commissioner of Social Security,

        Defendant.

ORDER

20-cv-256-slc

---

On December 17, 2020, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 20 & 21. On March 17, 2021, the court granted plaintiff's unopposed motion for an award of attorneys' fees under the EAJA in the amount of $7,788.89. *See* dkts. 25-27. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $112,548.00 in past-due benefits. Plaintiff's lawyer, Barry Schultz, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $22,137.50[2], pursuant to his 25% contingency fee agreement with plaintiff. Dkt. 28-2. Such amount is being withheld from plaintiff's past-due benefits by the Social Security Administration. Schultz's time records reflect that he and other attorneys at his firm spent 38.6 hours working on this case.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute

---

[1] **The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.**

[2] This amount includes the prior EAJA award of $7,788.89 but does not include fees for work performed at the administrative level under 42 U.S.C. § 406(a).

provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796. Thus, where attorney's fees are awarded under both § 406(b) and the EAJA, the attorney is entitled to keep the larger fee but must return the smaller fee to the claimant. *Id*.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing this reasonableness, said the Court, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a "windfall" for the attorney. *Id*. at 806-08.

The fee requested by Attorney Schultz in this case is reasonable. Schultz is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $2,229 and past-due benefits of $112,548, not to mention Medicare eligibility. A total award of $22,137.50 for 38.6 hours of attorney time translates to a rate of $573, which is on the low side for such awards. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). Moreover, as in all social

security cases, there was a high risk that Schultz would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Accordingly, the court will grant Schultz's motion for attorney fees in the amount of $22,137.50, and direct him to refund the $ 7,788.99 that he received in EAJA fees to the plaintiff.

ORDER

It is ORDERED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 19, is GRANTED. The court approves a representative fee award of $22,137.50 to be payable to plaintiff's attorney, Barry Schultz. Upon receipt of this award, Attorney Schultz is directed to promptly refund $7,788.99 to plaintiff.

Entered this 29th day of September, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge